**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: _____**

DIONNE ARTSEN,

       *Plaintiff*,

vs.

K. PHILIP HARTE, ESQ.,
ADALBERTO VIGIL,
ELENA VIGIL-FARINAS, ESQ.,
MONROE COUNTY BAIL BONDS,
UNITED STATES FIRE INSURANCE
  COMPANY, and Other Unknown Persons

       *Defendant*s
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Dionne Artsen, by and through undersigned counsel, and hereby sues Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds, United States Fire Insurance Company, and other persons currently unknown, who participated in this unconstitutional, despicable and corrupt enterprise to scam and wrongfully deprive Plaintiff of his funds, cripple and deny Plaintiff's access to the Court, and other such tortious acts and violations, *inter alia*, Plaintiff's Federal Constitutional Civil Rights or, in the alternative, certain persons or entities were so negligent to create a path for the miscreants herein described to continue their fraudulent scheme, and alleges as follows:

1.     Plaintiff, Dionne Artsen, is an adult individual residing in Georgia and is *sui juris*.

1

## THE CABAL

2.      In a planned scheme to deprive Plaintiff, Dionne Artsen, of his just privileges and entitlements under the law, as will be set forth below, the named Defendants combined, conspired and confederated with certain others, as a "Cabal."[1]

3.      The "Cabal" in this instance is the organization consisting of the Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and perhaps others unknown, who created this illegal enterprise, as set forth herein.  Defendant United States Fire Insurance Company, through its own negligence, became a member thereof and participated in the Cabal.

4.      Defendant, K. Philip Harte, Esq., is currently an attorney licensed to practice law in the State of Florida, employed as an Assistant State Attorney in the Monroe County State Attorney's Office, and has extensive knowledge of bond requirements.  He has, with others, created and/or joined a "Cabal" to further their criminal activity.  Defendant, K. Philip Harte, Esq., combined, conspired and confederated with certain other Defendants to commit a massive fraud on Plaintiff, in that the acts complained of herein are outside the scope of his official duties, he does not enjoy immunity for his criminal acts.  As such, Defendant, K. Philip Harte, Esq., is jointly and severally liable to Plaintiff and is a member of the "Cabal."

5.      Defendant, Adalberto Vigil, is a resident of the State of Florida and a licensed Bail Bondsman, who, upon information and belief, combined, conspired and confederated with certain other Defendants to commit a massive fraud on Plaintiff, as will be set forth herein below, and is jointly and severally liable to Plaintiff and is a member of the "Cabal."

---

[1] Cabal is defined as the contrived schemes of a group of persons secretly united in a plot.

6.     Defendant, Elena Vigil-Farinas, Esq., is currently an attorney licensed to practice law in the State of Florida and, upon information and belief, prepared certain fraudulent documents which violated Plaintiff's civil rights and combined, conspired, and confederated with certain other Defendants to commit a massive fraud on Plaintiff, as will be set forth herein below, and is jointly and severally liable to Plaintiff and is a member of the "Cabal."

7.     At all times material hereto, Defendant, Monroe County Bail Bonds, is a fictitious name, which is used by Defendant Aldaberto Vigil to conduct his issuing of bail bonds in the State of Florida, which combined, conspired and confederated with certain other Defendants to commit a massive fraud on Plaintiff, as will be set forth herein below, and is jointly and severally liable to Plaintiff and is a member of the "Cabal."  Moreover, the Control Person and Address of Defendant, Monroe County Bail Bonds is as follows: Adalberto J. Vigil, 103301 Overseas Highway, Key Largo, FL  33037.

8.     Defendant, United States Fire Insurance Company, is a Foreign Profit Corporation with its principal place of business located at 305 Madison Avenue, Morristown, New Jersey 07960, registered in the State of Florida, with the following Registered Agent Name and Address: Insurance Commissioner, 200 East Gaines Street, Tallahassee, FL  32399.  Moreover, Defendant, United States Fire Insurance Company failed to supervise Defendants, Adalberto Vigil and Monroe County Bail Bonds and/or did negligently supervise Defendants, Adalberto Vigil and Monroe County Bail Bonds, or just ignored the situation, and thereby contributed to and caused Plaintiff Dionne Artsen's damages, and is jointly and severally liable to Plaintiff, Dionne Artsen.  Furthermore, Defendant, United States Fire Insurance Company, is, by its malfeasance, misfeasance, non-feasance and/or negligence, a member of the "Cabal."

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

10.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq. and Monroe County Bail Bonds, are citizens of the State of Florida, Defendant, United States Fire Insurance Company is a citizen of New Jersey, and Plaintiff, Dionne Artsen, is a citizen of the State of Georgia.

11.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1367.

12.     The Southern District of Florida is the proper venue because the actions of Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq. and Monroe County Bail Bonds, occurred in the Southern District of Florida.

13.     The Cabal was created to, and effectively did, scam:

    a.  Plaintiff, Dionne Artsen;

    b.  The Circuit Court of the of the Sixteenth Judicial Circuit of Florida in and for Monroe County Middle Keys.

    c.  The Monroe State Attorney's Office, which is a branch of the Government and, at all times material, was the employer of Defendant K. Philip Harte, Esq.;

    d.  The Monroe County Jail; and

    e.  Others whom are currently unknown.

## FACTS

14.     This instant action stems from the criminal matters captioned, *State of Florida vs. Julius Handsome Hepburn,* Case No.: 24-CF-000180-AM (the "First Criminal Matter") and *State of Florida vs. Julius Handsome Hepburn and Dionne Artsen*, Case No.: 24-CF-000957-AM (the "Second Criminal Matter").  Hereinafter, the First Criminal Matter and Second Criminal Matter shall collectively be referred to as the "Criminal Matters".

4

15.     In the First Criminal Matter, Julius Hepburn was arrested on February 17, 2024, and required to have a bond posted.

16.     Plaintiff in the instant matter, Dionne Artsen, is a long-time friend of Hepburn's and put up his own house as collateral.

17.     Mr. Hepburn was released in the First Criminal Matter, but was subsequently arrested on August 21, 2024, in the Second Criminal Matter on unrelated charged.

18.     Mr. Artsen, Plaintiff in the instant matter, was again requested by Defendant Adalberto Vigil, *et al.*, to post a new bond for the Second Criminal Matter, which he did on August 23, 2024, in the amount of $20,500.00.  However, Mr. Hepburn's freedom was short-lived as he was re-arrested on September 4, 2024, and was not bondable due to the First Criminal Matter.

19.     Defendants in the instant matter, Adalberto Vigil, Elena Vigil-Farinas, Esq., and K. Philip Harte, Esq., (hereinafter, collectively referred to as, the "Cabal"), played the following roles in the Second Criminal Matter, which constituted an organized, continuing criminal enterprise, thereby, *inter alia*, formulating Federal Rico Violations:

   a.   Adalberto Vigil – the Bondsman and listed Surety.

   b.   Elena Vigil-Farinas, Esq. – the Bondsman's attorney and sister who drafted the fraudulent documents, knowing full well that the same was false.

   c.   K. Philip Harte, Esq. – the Assistant State Attorney who signed the fraudulent documents to facilitate payment of the bond.

   d.   Other persons or entities unknown at this time who participated in this atrocity.

20.     In a well-organized criminal scheme and enterprise to wrongfully and criminally deprive Plaintiff, Dionne Artsen, of his civil rights and to wrongfully obtain his funds, the Cabal,

in a very organized, criminal manner, advised Mr. Artsen that it was appropriate and legally permissible to issue a second bond, despite the fact that the Defendant's first bond release was revoked.[2]  However, prior to posting the second bond, certain members of the well-organized Cabal requested Mr. Artsen to have the funds "cleared" through a "Nebbia Hearing" to ascertain that the funds were acceptable under Florida law.

21.    A fraudulent document was created, titled "*[Mr. Hepburn's] Petition to Release Nebbia Hold.*"  A true and correct copy of said document is attached hereto as Exhibit 1.

22.    Mr. Hepburn did not have counsel and was totally left out of this atrocity to allow the Cabal to act as is set forth herein.

23.    Defendant K. Philip Harte, Esq. claimed he had received sufficient evidence to release the Nebbia hold.  However, his words rang shallow, as that was not the issue therein.

24.    In said Petition, Defendant Adalberto Vigil, Defendant Elena Vigil-Farinas, Esq., and Defendant K. Philip Harte, Esq., did not have any right or authority to prepare and create the Petition.  Nor did Defendants Adalberto Vigil, Defendant Elena Vigil-Farinas, Esq., and Defendant K. Philip Harte, Esq., have the authority to create and/or sign and process the fraudulent Petition.

25.    Defendant K. Philip Harte, Esq. signed off on the release, effectively replacing himself as the "Judge" on the "*State's Stipulated Order Granting Bond Nebbia Approval*" (hereinafter, the "Stipulated Order").  A true and correct copy of the Stipulated Order is attached hereto as Exhibit 2.

---

[2] **Florida Statutes § 903.0471 Violation of condition of pretrial release.** Notwithstanding § 907.041, a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release.

26.     Defendant K. Philip Harte, Esq. had no answer as to why a Nebbia clearance was needed, as no bond could be issued.  The next part of the conversation was likewise most unproductive, as to why Defendant K. Philip Harte, Esq. participated in the release of Mr. Hepburn in the Second Criminal Matter.  Defendant K. Philip Harte, Esq. signed off on the fraudulent documents to allow for the same.

27.     This fraudulent court document was created by Cabal member Defendant Elena Vigil-Farinas, Esq., and signed by Cabal members, Defendants, K. Philip Harte, Esq. and Monroe County Bail Bonds, the fictious name controlled by Defendant Adalberto Vigil.  *See,* Exhibit 2.

28.     Notwithstanding Exhibit 1, *infra*, the experienced Bail Bondsman, Defendant Adalberto Vigil, wrote that he was ready to release Mr. Hepburn when the Nebbia hold was released.  Despite him knowing that no new bond could be issued, the experienced bondsman, Defendant Adalberto Vigil, did help cause the release of Mr. Hepburn.

29.     In furtherance of this "enterprise," the Cabal created a fraudulent document, *see,* Exhibit 2*,* which:

   a.   The Bondsman, Defendant Adalberto Vigil, and the Assistant State Attorney, Defendant K. Philip Harte, Esq., were part of this continuing illegal enterprise.

   b.   Approved the Nebbia release.

   c.   Ordered the Sheriff to accept the bond amount, which was paid by the Plaintiff in the instant matter, Dionne Artsen.

   d.   Ordered the Sheriff to release Mr. Hepburn from custody.

30.     Upon examination of Exhibits 1 and 2, it is noted that said documents are:

   a.   Not filed in Court.

b. Has no Court Case number.

c. Does not have the Judge's signature or, for that matter, the Court's knowledge or approval.

d. But nonetheless it was "adequate" to order the Sheriff to "wrongfully" release Mr. Hepburn.

31. Said document was signed by Defendant K. Philip Harte, Esq. who elevated himself to Judge, and Adalberto Virgil as the surety, for and with Defendant, Monroe County Bail Bonds. *See*, Exhibits 1 and 2.

32. It is academic that a "Court Order" must be signed by the Judge to be valid.

33. In exchange for the foregoing to occur, the Cabal required an innocent and unknowing Plaintiff, Dionne Artsen, to pay $20,500.00 for the second bond.

34. Additionally, Defendant Elena Vigil-Farinas, Esq., was a part of the Cabal as a preparer of the fraudulent documents, *see*, Exhibits 1 and 2, that led to the bogus "Court Order." Attached is a copy of the email from Defendant Elena Vigil-Farinas, Esq., to Defendant K. Philip Harte, Esq., and other Cabal Members, regarding her creation on the documents and Defendant K. Philip Harte, Esq's approval of same, is attached hereto as Exhibit 3.

35. Defendant, Adalberto Vigil, the experienced Bail Bondsman, had written that he was ready to release Mr. Hepburn, when the Nebbia hold was released. *See*, Exhibit 1. This of course was a fantasy and a scam on the inveigled, bamboozled Plaintiff, Dionne Artsen, and the Justice System, as no new bond could be issued in the Second Criminal Matter, yet the bondsman did facilitate and cause the release. In doing so, he earned an additional fee. It is currently unknown which each member of the Cabal has received from this criminal scheme.

36.     It is further currently unknown how many times certain members of the Cabal repeated this scam on other victims.

37.     The fraudulent Stipulated Order includes the signature of Defendant K. Philip Harte, Esq., who elevated himself to "Judge" by his signature and approved the Nebbia, with Defendant Adalberto Virgil as the named surety. *See*, Exhibit 2.

38.     However, the Cabal reached a dilemma in its scheme to defraud Plaintiff when the Jail refused to accept the document to release Mr. Hepburn, as the document was not official. This information of this wrongdoing was obtained by a FOIA request under Florida Statute §119 to the Monroe County Jail, see attached "Composite Exhibit 4" attached hereto.  Composite Exhibit 4 consists of documents demonstrating the following:

   a.   The FOIA request under Florida Statute §119 to Monroe County Detention Center on behalf of Mr. Dionne Artsen.

   b.   Response from Monroe County Detention Center providing the State Attorney's transmittal of the "Order" and

   c.   The transmittal from the State Attorney's Office to the Jail.

39.     In order for the fraudulent Stipulated Order, Exhibit 2, to appear official without it being official, certain members of the Cabal and others used the State Attorney's email to portray to the Jail that it was "official" when it is clearly bogus. *See*, Exhibit 4c.

40.     Upon receipt of said fraudulent documents via email, directly from the State Attorney's Office, the Jail accepted the same and allowed the bond to be posted in the Second Criminal Matter, releasing Mr. Hepburn.

41.     In exchange for the foregoing to occur, the Cabal required an innocent and unknowingly inveigled and bamboozled Plaintiff, Dionne Artsen, to pay $20,500.00 for the

bond, which was a criminal activity, not worth the paper it was printed upon, to "legitimately" post the inappropriate bond in the Second Criminal Matter.

42.     The court had no knowledge or information relative to all of the foregoing, which was done behind the court's back.

43.     This alone would void this entire event and would ensure the secrecy of this operation, and hide this bogus and shameful transaction to this Honorable Court.  The bogus authority to release Mr. Hepburn was willfully, knowingly, and intentionally delivered to the Sheriff, who was likewise deceived.

44.     Realizing that they needed to do something, the Cabal conspired again and committed the actions below.

## **FURTHER FRAUDULENT CRIMINAL VIOLATIONS**

45.     In order to mask its actions, the Cabal created a bogus hearing on the bond issue, which did not occur, but resulted in someone from the Clerk's Office removing all of Plaintiff's filings in the Second Criminal Matter.

46.     At the bogus "hearing" which did not occur, a bogus document titled, "Court Minutes" was created, which removed every pleading from the Clerk's records filed on behalf of Mr. Dionne Artsen, the proposed intervenor in the Second Criminal Matter.  A true and correct copy of the Court Minutes is attached hereto as Exhibit 5.

47.     For the bogus "hearing," there was:

   a.  No Judge;

   b.  No Notice of Hearing;

   c.  No open court Hearings;

   d.  No Parties in attendance;

e.   No official Court Order;

f.   No Parties in attendance; and

g.   Most importantly, there is no official record of this entire transaction.

48.     The bogus Court Minutes was an attempt of the Cabal to cover up its scheme, as the Court Minutes successfully removed all of the pleadings filed on behalf of Mr. Dionne Artsen, as the proposed intervenor in the Second Criminal Matter, from the Clerk's records.

49.     Accordingly, with the removal of said Documents, it is as if the Cabal's illegality never occurred, as per the ongoing actions of the Defendants to criminally conspire to remove evidence of their wrongdoing, except Plaintiff, Dionne Artsen's payment for the bogus bond.

50.     Without all of the mutually agreed, continuous conduct of the Cabal, this whole episode would not have taken place.

51.     On or about February 4, 2025, upon hearing of this unprecedented atrocity, counsel for Plaintiff in the instant matter filed a Notice of Refiling Documents in the Second Criminal Matter and sent courtesy copies of the improperly and unlawfully removed documents to the Court.  A copy of Plaintiff's Notice of Refiling is attached hereto as Exhibit 6.

52.     To Plaintiff's knowledge, no response from anyone has been filed nor any further events have taken place to date.

53.     After Mr. Hepburn was re-arrested and the bond in the First Criminal Matter was revoked, the bond in the Second Criminal Matter was invalid as the new charges were not bondable, Plaintiff, Dionne Artsen, contacted Defendants, Adalberto Vigil and Monroe County Bail Bonds, and demanded the return of Plaintiff's $20,500.00.

54.     Defendants, Adalberto Vigil and Monroe County Bail Bonds, have failed to return Plaintiff, Dionne Artsen's $20,500.00.

55.     More than 30 days before filing this action for damages under Florida Statutes § 772.11, through counsel, Plaintiff, Dionne Artsen made a written demand for the treble damages amount of $61,500.00, plus attorneys' fees and costs, to, among others, Defendants, Adalberto Vigil and Monroe County Bail Bonds.

56.     More than 30 days after Plaintiff, Dionne Artsen, made a written demand for treble damages, Defendants, Adalberto Vigil and Monroe County Bail Bonds have not made payment.

57.     All pre-suit requirements have been either satisfied Plaintiff, Dionne Artsen, or waived by Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company.

### COUNT I

### CIVIL RICO CLAIMS AGAINST DEFENDANTS, K. PHILIP HARTE, ESQ., ADALBERTO VIGIL, ELENA VIGIL-FARINAS, ESQ., MONROE COUNTY BAIL BONDS AND UNITED STATES FIRE INSURANCE COMPANY

58.     Plaintiff, Dionne Artsen, re-alleges and incorporates by reference Paragraphs 1 through 57 above as if fully set forth herein.

59.     Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company were an enterprise.

60.     Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company, have committed a pattern of at least two distinct but related RICO predicate acts under 18 U.S.C. § 1962.

61.     Defendants, K. Philip Harte, Esq.'s, Adalberto Vigil's, Elena Vigil-Farinas, Esq.'s, Monroe County Bail Bonds' and United States Fire Insurance Company's racketeering activity proximately caused injury to Plaintiff, Dionne Artsen.

62.     Plaintiff, Dionne Artsen, suffered injury to property, *to wit*, $20,500.00.

63.     Pursuant to 18 U.S.C. § 1964(c), Plaintiff, Dionne Artsen, has a right to recover threefold the damages he sustained.

WHEREFORE, Plaintiff, Dionne Artsen, respectfully requests this Court to enter judgment in his favor and against Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company, awarding Plaintiff, Dionne Artsen, the threefold the damages Plaintiff, Artsen, sustained, the cost of the suit, including attorneys' fees and costs pursuant to 18 U.S.C. § 1964(c), and all other relief this Court deems is just and proper.

## COUNT II

### CIVIL THEFT CLAIM AGAINST DEFENDANTS, ADALBERTO VIGIL AND MONROE COUNTY BAIL BONDS

64.     Plaintiff, Dionne Artsen, re-alleges and incorporates by reference Paragraphs 1 through 57 above as if fully set forth herein.

65.     Defendants, Adalberto Vigil and Monroe County Bail Bonds, knowingly obtained and/or used Plaintiff, Dionne Artsen's $20,500 under knowingly fraudulent circumstances.

66.     Defendants, Adalberto Vigil and Monroe County Bail Bonds, knowingly obtained and/or used Plaintiff, Dionne Artsen's $20,500.00 with felonious intent to either temporarily or permanently to deprive Plaintiff, Dionne Artsen of his right to or a benefit from his money or appropriate Plaintiff, Dionne Artsen's $20,500.00 for Defendants, Adalberto Vigil's and Monroe County Bail Bonds' own use or for the use of any other person not entitled to the money, to wit, Defendants, K. Philip Harte, Esq., Elena Vigil-Farinas, Esq. and/or United States Fire Insurance Company.

67.     As a result, Plaintiff, Dionne Artsen, was damages.

WHEREFORE, Plaintiff, Dionne Artsen, respectfully requests this Court to enter judgment in his favor and against Defendants, Adalberto Vigil and Monroe County Bail Bonds, awarding Plaintiff, Dionne Artsen, the treble damages amount of $61,500.00, attorneys' fees and costs pursuant to Florida Statutes § 772.11, and all other relief this Court deems is just and proper.

## COUNT III

### FRAUD CLAIMS AGAINST DEFENDANTS, K. PHILIP HARTE, ESQ., ADALBERTO VIGIL, ELENA VIGIL-FARINAS, ESQ., MONROE COUNTY BAIL BONDS AND UNITED STATES FIRE INSURANCE COMPANY

68.     Plaintiff, Dionne Artsen, re-alleges and incorporates by reference Paragraphs 1 through 57 above as if fully set forth herein

69.     A false representation of fact was made.

70.     The parties making the representation knew said representation was false at the time it was made.

71.     The representation was made for the purpose of inducing Plaintiff, Dionne Artsen, to act in reliance on said representation.

72.     As a result, Plaintiff, Dionne Artsen, sustained damages.

WHEREFORE, Plaintiff, Dionne Artsen, respectfully requests this Court to enter judgment in his favor and against Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company, awarding Plaintiff, Dionne Artsen, any and all damages recoverable under Florida and Federal Law.

### DEMAND FOR JURY TRIAL

73.     Plaintiff, Dionne Artsen, hereby demands a trial by jury.

WHEREFORE, Plaintiff, Dionne Artsen, respectfully requests this Court to enter judgment in his favor and against Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company, awarding Plaintiff, Dionne Artsen, any and all damages recoverable under Florida and Federal Law.

Dated: July 24, 2025.                                   Respectfully submitted,


LAW OFFICE OF STEPHEN M. ZUKOFF                    LOCKE LAW, P.A.

BY: _/s/ Stephen M. Zukoff_                         BY: _/s/ Wendell T. Locke_
    STEPHEN M. ZUKOFF, ESQ.                             WENDELL LOCKE, ESQ.
    Florida Bar No. 177061                              Florida Bar No. 119260
    19 West Flagler Street, Suite 211                   8201 Peters Road, Suite 1000
    Miami, Florida 33130                                Plantation, Florida 33324
    Tel.: (305) 374-4331                                Tel.: (954) 382-8858
    Fax: (305) 358-1755                                 Fax: (954) 827-0998
    Email: smz@zukofflaw.com                            Email : wendell@lockefirm.com
    staff@zukofflaw.com                                 *Co-Counsel for Plaintiff*
    *Counsel for Plaintiff*

*Exhibit 1*

In The Circuit Court Of The Sixteenth Judicial Circuit
In And For Monroe County, Florida
Middle Keys Criminal Division

| State of Florida,<br>Plaintiff, | Case No.: 2024-CF-_____-A-M |
| v. | Judge James Morgan |
| Julius Hepburn,<br>Defendant. | Defendant's Petition to Release Nebbia Hold |

The Defendant and his bondsman, Adalberto Vigil with Monroe County Bail Bonds, move this Honorable Court to release the "Nebbia hold" and to allow Mr. Hepburn to post his bond and be released from custody pending resolution of this case. In support thereof, Mr. Hepburn further states:

1. Mr. Hepburn was arrested in this case for the following offenses: (1) Possession of Cocaine with Intent to Sell; (2) Possession of Paraphernalia (Manufacture); and (3) Possession of Paraphernalia.

2. At his first appearance, the Court set Mr. Hepburn's total bond for all three (3) counts in this case at $280,000, and the Court also placed a "Nebbia hold," preventing Mr. Hepburn from being permitted to post his bond until he has proved that the funds that will be used to post his bond were lawfully obtained.

3. Mr. Hepburn's longtime friend, Mr. Dionne Artsen[1], who currently resides in Atlanta, Georgia, has paid Mr. Vigil the $26,000 bail bond premium.[2] In return, Mr. Vigil will post Mr. Hepburn's bond as soon as the "Nebbia hold" is removed.

4. Mr. Artsen has been employed as a Senior Process and Digital Automation Analyst at Hixson USA, an international specialty insurance company, for the past decade. Mr. Artsen maintains a checking account with Republic Bank, the balance of which hovers around $600,000.[3] These funds have been lawfully

---

[1] A photograph of Mr. Artsen's current driver's license is attached to this Petition as Exhibit A.
[2] A copy of the $26,000 wire transfer from Mr. Artsen to Monroe County Bail Bonds is attached to this Petition as Exhibit B.
[3] A copy of Mr. Artsen's checking account statement for the period of July 1, 2024 - July 31, 2024, is attached to this Petition as Exhibit C (4 pages), and the statement shows that during the month of July 2024, the account's minimum balance was $466,019.73, and the maximum balance was $647,315.56.

obtained and accumulated over many years by Mr. Artsen and his wife through their respective employment.

5. This Petition and the attached Exhibits clearly show that the funds being used to post Mr. Hepburn's bond were lawfully obtained and have been maintained in Mr. Artsen's checking account for a substantial period of time. Mr. Artsen is making this payment to Monroe County Bail Bonds as a gift to Mr. Hepburn, and Mr. Hepburn will not be required to repay any part of the $28,000 that is being used to pay Monroe County Bail Bonds to post Mr. Hepburn's bond.

6. Since Mr. Hepburn has shown that he will be paying his bonds with lawfully obtained funds and since Monroe County Bail Bonds is waiting only on this Court's release of the Nebbia hold to post the bonds, Mr. Hepburn should be permitted to post his bonds and obtain his release from custody as soon as is possible.

Wherefore, Mr. Hepburn respectfully requests that this Honorable Court grant this Petition and enter an Order releasing the "Nebbia hold" and allowing Mr. Hepburn to post his bonds and obtain his release from custody.

Respectfully submitted,

_____
Adalberto Vigil
Monroe County Bail Bonds

Certificate of Service

I hereby certify that a copy of the foregoing has been furnished to Philip Harte, Esq., Office of the State Attorney, via email to _____ on this, the 23rd day of August, 2024.

_____
Adalberto Vigil
Monroe County Bail Bonds

Bail bond
submit a
petition to
release a Nebbia hold.

*Exhibit 2*

# IN THE CIRCUIT OF THE SIXTEETH JUDICIAL CIRCUIT
# IN AND FOR MONROE COUNTY, FLORIDA

State Of Florida

v.

Defendant

HEPBURN, JULIUS

_____ /

CASE NO. PENDING

Honorable Judge Morgan

### STATES STIPULATED ORDER GRANTING BOND NEBBIA APPROVAL

The Surety Provided the required documents and the STATE ATTORNEY, after review , the State hereby agrees and approves the that NEBBIA documents provided by the Surety in the above defendants bond amount totaling  $20500.00 . The state has agrees that he has received sufficient evidence and documentation from Monroe County Bail Bonds to release the Nebbia hold on the defendant .

The Surety , namely MONROE COUNTY BAIL BONDS is hereby permitted to post the following bonds, and the Monroe County Sheriff's Office is hereby ordered to accept the and release the defendant from custody.

1) Poss of cocaine with intent to deliver , bond amount $100,000.00

2) Drug equipment possess manufacture , bond amount $100,000.00

3) Poss Of Drug Parahelia, bond amount $5000.00

PHILIP HARTE, ASA

*ASA K. Philip Harte*

/s/ Adalberto Vigil , Surety

Monroe County Bail Bonds.
**10 High Point Road, Suite A**
Tavernier, Florida 33070
Tel:  (305) 451-2593
Fax:  (305) 766-1234
AdalbertoVigil@gmail.com

CC : Monroe County Bail Bonds
      Monroe County Sheriff Office, Key West Jail

*Exhibit 3*



**12:21**

 

 **Elena Vigil-Farinas**   12:12 PM
To: K. & 2 more... >

# Hepburn/Nebia

We are representing Monroe County
Bail Bonds on this issue.

Could you please review it and
advise as to whether or not you will
stipulate to this Motion?  Thanks
and have a great day.

--
Elena Vigil-Farinas, Esq.
Elena Vigil-Farinas PA.
101425 Overseas Highway Suite #282
Key Largo, Florida  33037
305-453-4961

PERSONAL AND CONFIDENTIAL:  The information contained in this
message isa privileged and confidential
attorney communication intended only for the use of the individual
named above.  If the reader of this
message is not the intended recipient, you are hereby notified that any
dissemination, distribution or
copying of this communication is strictly prohibited.  If you have
received this communication in error,
please immediately notify us by telephone and return the original
message to us at the above address via t
he U.S. Postal Service.

*Exhibit 4*

*Law Office of*
# STEPHEN M. ZUKOFF
Biscayne Building - Suite 211
19 West Flagler Street
Miami, Florida 33130
T: 305.374.4331 | F: 305.358.1755
smz@zukofflaw.com - staff@zukofflaw.com

November 13, 2024

**VIA EMAIL** [ centralrecords@keysso.net ]

MONROE COUNTY DETENTION CENTER
Attn.: Records Custodian

|  |  |  |
|---|---|---|
| Re: | Case Name: | STATE OF FLORIDA vs JULIUS HEPBURN |
|  | Case Number: | 24-CF-000957-AM 16th Judicial Section |
|  | Judicial Division: | Monroe County Middle Keys Criminal Division |

Dear Central Records Division,

    Kindly refer to *Exhibit A*[1] attached and produce all documents in any way relating to said exhibit above-mentioned and attached hereto. All documents shall include, but not be limited to:

a.  A true and exact copy of *Exhibit A*.

b.  Any and all transmittal forms that brought *Exhibit A* to you.

c.  Any and all transmittal documents that show or demonstrate that you transmitted this document to any one for any purpose.

d.  Any and all documents that show or demonstrate any and all involvement with *Exhibit A*.

    Very truly yours,

*/s/ Stephen M. Zukoff*
**Stephen M. Zukoff, Esq.**

SMZ/mga

Cc: Dionne Artsen
    Judicial Investigations

Enclosures as stated. –

---

[1] Date around late middle to end August 2024.



In The Circuit Court Of The Sixteenth Judicial Circuit

In And For Monroe County, Florida

Middle Keys Criminal Division

| | |
|---|---|
| State of Florida,<br>      Plaintiff, | Case No.: 2024-CF-_____-A-M |
| v. | Judge James Morgan |
| Julius Hepburn,<br>      Defendant. | Defendant's Petition to Release Nebbia Hold |

The Defendant and his bondsman, Adalberto Vigil with Monroe County Bail Bonds, move this Honorable Court to release the "Nebbia hold" and to allow Mr. Hepburn to post his bond and be released from custody pending resolution of this case. In support thereof, Mr. Hepburn further states:

1. Mr. Hepburn was arrested in this case for the following offenses: (1) Possession of Cocaine with Intent to Sell; (2) Possession of Paraphernalia (Manufacture); and (3) Possession of Paraphernalia.

2. At his first appearance, the Court set Mr. Hepburn's total bond for all three (3) counts in this case at $250,000, and the Court also placed a "Nebbia hold," preventing Mr. Hepburn from being permitted to post his bond until he has proved that the funds that will be used to post his bond were lawfully obtained.

3. Mr. Hepburn's longtime friend, Mr. Dionne Artsen[1], who currently resides in Atlanta, Georgia, has paid Mr. Vigil the $26,000 bail bond premium.[2] In return, Mr. Vigil will post Mr. Hepburn's bond as soon as the "Nebbia hold" is removed.

4. Mr. Artsen has been employed as a Senior Process and Digital Automation Analyst at Hixson USA, an international specialty insurance company, for the past decade. Mr. Artsen maintains a checking account with Republic Bank, the balance of which hovers around $600,000.[3] These funds have been lawfully

---

[1] A photograph of Mr. Artsen's current driver's license is attached to this Petition as Exhibit A.
[2] A copy of the $26,000 wire transfer from Mr. Artsen to Monroe County Bail Bonds is attached to this Petition as Exhibit B.
[3] A copy of Mr. Artsen's checking account statement for the period of July 1, 2024 - July 31, 2024, is attached to this Petition as Exhibit C (4 pages), and the statement shows that during the month of July 2024, the account's minimum balance was $585,019.73, and the maximum balance was $647,315.56.

obtained and accumulated over many years by Mr. Artsen and his wife through their respective employment.

5. This Petition and the attached Exhibits clearly show that the funds being used to post Mr. Hepburn's bond were lawfully obtained and have been maintained in Mr. Artsen's checking account for a substantial period of time.  Mr. Artsen is making this payment to Monroe County Bail Bonds as a gift to Mr. Hepburn, and Mr. Hepburn will not be required to repay any part of the $26,000 that is being used to pay Monroe County Bail Bonds to post Mr. Hepburn's bond.

6. Since Mr. Hepburn has shown that he will be paying his bonds with lawfully obtained funds, and since Monroe County Bail Bonds is waiting only on this Court's release of the Nebbia hold to post the bonds, Mr. Hepburn should be permitted to post his bonds and obtain his release from custody as soon as is possible.

Wherefore, Mr. Hepburn respectfully requests that this Honorable Court grant this Petition and enter an Order releasing the "Nebbia hold" and allowing Mr. Hepburn to post his bonds and obtain his release from custody.

Respectfully submitted,

Adalberto Vigil
Monroe County Bail Bonds

### Certificate of Service

I hereby certify that a copy of the foregoing has been furnished to Philip Harte, Esq., Office of the State Attorney, via email to kphilip@keysao.org on this, the 23rd day of August, 2024.

Adalberto Vigil
Monroe County Bail Bonds

Approved    Bail bond submit a petition to release 4 Nebbia hold.

 Outlook

---

**Records Request**

---

**From** Tiffany O'Connell (Monroe County Sheriff Office, FL) <MonroeCountySheriffFL@request.justfoia.com>
**Date** Thu 11/14/2024 1:04 PM
**To**   Zukoff Law <staff@zukofflaw.com>

📎 2 attachments (996 KB)
Stip.Hepburn (1).pdf; Hepburn- Nebbia approval.pdf;

Good afternoon,

Attached is the email we received from the State Attorneys Office and stipulated order granting bond nebbia approval.

Thank you,

Tiffany O'Connell

Records Manager

305-293-7409

toconnell@keysso.net

🖼 JustFOIA Logo



**From:** Elba Young
**To:** Jail Records
**Subject:** Hepburn- Nebbia approval
**Date:** Friday, August 23, 2024 4:38:57 PM
**Attachments:** Stip.Hepburn (1).pdf

Some people who received this message don't often get email from eyoung@keyssao.org. Learn why this is important

See attached.

*Regards,*



**Elba Young**
*Legal Assistant*
*Office of Dennis Ward - State Attorney*
*2975 Overseas Highway*
*Marathon, FL 33050*
*| p. 305.289.2593 | e. eyoung@keyssao.org*

Please be advised that Florida has a broad public records law, and all correspondence to me via email may be subject to disclosure. Under Florida Law e-mail addresses are public record. If you do not want your e-mail address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.



*Exhibit 5*

IN THE 16 JUDICIAL CIRCUIT IN
AND FOR MONROE COUNTY, FLORIDA

COURT DIVISION

CASE NO. 24CF180Am
181
182
186 Bm
24CF953Am

<u>COURT MINUTES</u>

COURT OPENED at ___11___ on _12/31/24_

with the following officers present:

HONORABLE: _Morgan_

STATE ATTORNEY: _Harte_

DEFENSE ATTORNEY: _Pro-Se_

COURT REPORTER: _FTR_

BAILIFF: _Martin_

STATE OF FLORIDA VS _Julius Hepburn_

CHARGED WITH _____

MOTION _Emerg. Mot. for the court._

_Def. Not present, cases removed from_

_docket_

_Ct. Grants request to strike all motions filed_
_by atty. Zukoff. in regards to this matter._

CLERK OF THE CIRCUIT AND COUNTY COURTS.

BY: _____ DEPUTY CLERK, in attendance.

CCC-14

*Exhibit 6*

IN THE CIRCUIT COURT OF THE
SIXTEENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR MONROE COUNTY MIDDLE KEYS CRIMINAL DIVISION

State of Florida,                                    CASE No.: 24-CF-000957-AM
      *Plaintiff,*

vs.

Julius Handsome Hepburn,
      *Defendant.*

and

Dionne Artsen,
      *Proposed Intervenor.*
_____/

## NOTICE OF REFILING DOCUMENTS
## WHICH WERE REMOVED BY UNKNOWN PERSONS ABSENT
## THE KNOWLEDGE NOR CONSENT OF THE COURT AND THE UNDERSIGNED

    Prospective Intervenor, Dionne Artsen, by and through his counsel, files this Notice of

Refiling Documents Which Were Removed by Unknown Persons Absent the Knowledge Nor

Consent of the Court and the Undersigned, and files the following documents.

    1.   Motion to Intervene, Motion for Judicial Investigation, and Suggestion for a Rule to

        Show Cause, filed November 6, 2024.  A true and correct copy of the Motion to

        Intervene is attached hereto as Exhibit 1.

    2.   Addendum to Suggestion for a Rule to Show Cause, filed December 23, 2024.  A true

        and correct copy of the Motion to Intervene is attached hereto as Exhibit 2.

    3.   Court minutes of a hearing on December 31, 2024.  A true and correct copy of the

        Motion to Intervene is attached hereto as Exhibit 3.

Respectfully submitted,

LAW OFFICES OF STEPHEN M. ZUKOFF

By: */s/ Stephen M. Zukoff*

       Stephen M. Zukoff, Esq.
       Florida Bar No. 177061
       19 West Flagler Street Suite 211
       Miami, Florida 33130
       Phone: (305) 374-4331
       smz@zukofflaw.com |
       eservice@zukofflaw.com
       *Counsel for Dionne Artsen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by e mail through the Florida Courts e-Filing e-Portal to all parties in the instant action, in compliance with Florida Judicial Rule of Administrative Procedure 2.516 on this the 4 of February 2025.

By: */s/ Stephen M. Zukoff*

       Stephen M. Zukoff, Esq.
       Florida Bar No. 177061

*Exhibit 1*

Filing # 210439285 E-Filed 11/06/2024 06:09:43 PM

IN THE CIRCUIT COURT OF THE
SIXTEENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR MONROE COUNTY MIDDLE KEYS CRIMINAL DIVISION

State Of Florida,                                        CASE No.: 24-CF-000957-AM
      *Plaintiff,*

Vs.

Julius Handsome Hepburn,
      *Defendant.*

And

Dionne Artsen,
      *Proposed Intervenor.*

_____/

## MOTION TO INTERVINE,
## MOTION FOR A JUDICIAL INVESTIGATION, AND
## SUGGESTION FOR A RULE TO SHOW CAUSE

### BRIEF HISTORY

    In the instant action, the Defendant was released upon bond. Thereafter he was subsequently rearrested on separate charges. Accordingly, no new bond could legally be issued, due to the first arrest. As will be set for the *infra*, certain individuals made a Herculean effort, to violate the law and create, by trick and device, a fiction and mechanism to post the unlawful bond, for reasons that are yet to be determined.

### MOTION TO INTERVINE

    COMES NOW, the *Proposed Intervenor*, DIONNE ARTSEN, and respectfully moves to intervene in this action.

For cause your proposed interventor, has an interest in these proceedings in that as will appear infra. Certain individuals convinced him that posting a new bond for the second charges, were was legal and that he should fund the premium of *Twenty Thousand Five Hundred Dollars* ($20,500.00) for the *Two Hundred Five Thousand Dollars* ($205,000.00) bond. Unknown to Dionne Artsen, it was an illegal bond and bond premium, that never should have been created. Following the directions of "The GROUP" *infra* and believing the group his actions to be legal, he paid the bond premium. Accordingly, he does have an interest in these proceedings to obtain back his funds, and attorney's fees and costs.

## MOTION FOR A JUDICIAL INVESTIGATION

1. In this matter a previous arrest bond was given to Julius Hepburn, for his first charges, and he was bonded out of jail. Subsequently, but later, rearrested on new independent charges. Defendant lost the right to be released upon a new bond, in that there was a new arrest.

2. It is academic to those who practice criminal law or a bondsman with decades of experience to know, once a person is rearrested on new charges, the said person is no longer bondable.

3. Those who knew this were the bondsman, the attorney for the bondsman, the assistant State attorney sometime referred to as "The Group".

4. Notwithstanding the above, the "The Group": Combined, conspired and confederated, i.e.

   a) The Bondsman: "Adalberto Vigil"

   b) The lawyer for the Bondsman: "Elena Vigil-Farinas, Esq."

   c) The Assistant State Attorney: "K. Philip Hart, Esq. A.S.A.;"

   And did cause a bogus bond to be issued.

5.  In order to accomplish this scheme, they inveigled a friend of the Defendant, Dionne Artsen, to post an additional bond, having had posted the first bond.

6.  A document was created a document entitled: "*Defendant's Petition to Release Nebbia Hold,*" see attached *Exhibit A*.

7.  It is worth to note when *Assistant State Attorney K. Philip Harte, Esq.* was questioned about this entire episode, *see attached Exhibit A*. He claimed he no reason to object to the *Nebbia* claim, *Exhibit A* as the *Nebbia* issue had been satisfied. And he signed off on the release, replacing himself for the Judge, see *Exhibit B*.

8.  He had no answer as to why a *Nebbia* clearance was needed, as no bond could be issued. The next part of the conversation was likewise most unproductive, as to why Attorney K. Philip Harte, Esq. A.S.A., participated in the Defendant's release. He signed off on documents to allow for the same.

9.  This document was created and signed with the fictious name, Monroe County Bail Bonds, and a non-lawyer named "**Adalberto Vigil**", see attached as *Exhibit B*. It is unknown why a non-lawyer was aloud to participate in a Court pleading, even if the same was bogus.

10. Notwithstanding, see attached as *Exhibit A infra*, the experienced bail bondsman wrote that he was ready to release the Defendant when the *Nebbia* hold was released. This of course was fantasy as no new bond could be issued, yet the bondsman did help cause the release.

11. In furtherance of this "enterprise" the group created a bogus document, see attached as *Exhibit B* which:

    A.  The Bondsman "Adalberto Vigil" and the Assistant State Attorney "K. Philip Hurte, Esq.", but none the less became part of these scheme.

    B.  Approves the *Nebbia* release.

    C.  Orders the Sheriff to accept the bond amounts.

Page 3 of 6

D.  Orders the Sheriff to release the Defendant from custody.

12. Upon examination of the exhibits. It is noted that said document is:

    a)  Not filed in Court.

    b)  Has no Court Case number.

    c)  Does not have the Judge's signature.

    d)  But nonetheless it was "adequate" under the law to order the Sheriff to "wrongfully" release the defendant.

13. Said document was signed by A.S.A. K. Philip Harte, Esq. who elevated himself to Judge, and Adalberto Virgil as the surety.

14. It is academic that a "Court Order" must be signed by the Judge to be valid.

15. In exchange for the foregoing to occur, the group required an innocent and unknowing Dionne Artsen, to pay $20,500.00 for the bond.

16. That this Honorable Court had no knowledge or information relative to all of the foregoing, which was done behind the Court's back. The Exhibits, "A" and "B", have not found their way into the Court record. This alone would secrete this entire event and would ensure the secrecy of this operation, and hide this bogus and shameful transaction, to this Honorable Court and the Sheriff.

### POSSIBLE REASON FOR THE CREATION OF THIS DOCUMENT

17. That while the documents are bogus, the jail personnel at the release point, probably would not have and did not scrutinize the released document, and merely released the Defendant, in violation of the law.

## SUGGESTION FOR A RULE TO SHOW CAUSE

WHEREFORE, based upon all of the foregoing a Rule to Show Cause should be issued for the above-named parties to appear and show cause why they should not be adjudicated in whatever contempt this Honorable Court believes appropriate or otherwise.

Respectfully submitted,

**LAW OFFICES OF STEPHEN M. ZUKOFF**
*Counsel for Dionne Artsen*
19 West Flagler Street Suite 211
Miami, Florida 33130
Phone: (305)374-4331
smz@zukofflaw.com | eservice@zukofflaw.com
By: */s/ Stephen M. Zukoff*
**Stephen M. Zukoff, Esq.**
Florida Bar No. 177061

[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]

*BELOW THIS POINT PAGE HAS BEEN LEFT BLANK INTENTIONALLY*

Page **5** of **6**

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that a true and correct copy of the foregoing has been served by e-mail through the Florida Courts e-Filing e-Portal to all parties in the instant action and via USPS Certified Mail to the parties in the below chart, in compliance with Florida Judicial Rule of Administrative Procedure 2.516 on this the 6th day of November 2024.

| Cc: | | Address: |
|---|---|---|
| Bondsman: *Adalberto Vigil* at *Monroe County Bail Bonds, Inc.* | Via USPS Certified Mail # [9589 0710 5270 0584 1267 04] | 539 Sound Drive Key Largo, FL 33037 |
| Bondman's Lawyer: *Elena Vigil-Farina, Esq.* | Via USPS Certified Mail # [9589 0710 5270 0584 1267 11] | 92200 Overseas Highway, Suite 102, Tavernier, FL 33070 |
| Bondman's 2nd Lawyer: *David Hutchison, Esq.* | Via USPS Certified Mail # [9589 0710 5270 0584 1267 42] | 103200 Overseas Hwy #7, Key Largo, FL 33037 |
| Monroe County State Attorney's Office: *K. Philip Harte, Esq.* | Via USPS Certified Mail # [9589 0710 5270 0584 1267 28] | 2975 Overseas Highway Marathon, FL 33050 |
| United States Fire Insurance Company | Via USPS Certified Mail # [9589 0710 5270 0584 1267 35] | 157 Main Street Greenville, PA 16125 |
| Judicial Investigations: *Agent* | Via Electronic Mail | - |
| Intervenor: *Dionne Artsen* | Via Electronic Mail | - |

By: /s/ Stephen M. Zukoff
**Stephen M. Zukoff, Esq.**
Florida Bar No. 177061

SMZ/mga

# *Exhibit A*

In The Circuit Court Of The Sixteenth Judicial Circuit
In And For Monroe County, Florida
Middle Keys Criminal Division

State of Florida,
    Plaintiff,

v.

Julius Hepburn,
    Defendant.

Case No.: 2024-CF-_____-A-M

Judge James Morgan

Defendant's Petition to Release Nebbia Hold

The Defendant and his bondsman, Adalberto Vigil with Monroe County Bail Bonds, move this Honorable Court to release the "Nebbia hold" and to allow Mr. Hepburn to post his bond and be released from custody pending resolution of this case. In support thereof, Mr. Hepburn further states:

1. Mr. Hepburn was arrested in this case for the following offenses: (1) Possession of Cocaine with Intent to Sell; (2) Possession of Paraphernalia (Manufacture); and (3) Possession of Paraphernalia.

2. At his first appearance, the Court set Mr. Hepburn's total bond for all three (3) counts in this case at $280,000, and the Court also placed a "Nebbia hold," preventing Mr. Hepburn from being permitted to post his bond until he has proved that the funds that will be used to post his bond were lawfully obtained.

3. Mr. Hepburn's longtime friend, Mr. Dionne Arisen[1], who currently resides in Atlanta, Georgia, has paid Mr. Vigil the $26,000 bail bond premium.[2]  In return, Mr. Vigil will post Mr. Hepburn's bond as soon as the "Nebbia hold" is removed.

4. Mr. Arisen has been employed as a Senior Process and Digital Automation Analyst at Hixson USA, an international specialty insurance company, for the past decade.  Mr. Arisen maintains a checking account with Republic Bank, the balance of which hovers around $600,000.[3]  These funds have been lawfully

---

[1] A photograph of Mr. Arisen's current driver's license is attached to this Petition as Exhibit A.
[2] A copy of the $26,000 wire transfer from Mr. Arisen to Monroe County Bail Bonds is attached to this Petition as Exhibit B.
[3] A copy of Mr. Arisen's checking account statement for the period of July 1, 2024 - July 31, 2024, is attached to this Petition as Exhibit C (4 pages), and the statement shows that during the month of July 2024, the account's minimum balance was $686,010.73, and the maximum balance was $847,315.56.

obtained and accumulated over many years by Mr. Artsen and his wife through their respective employment.

5. This Petition and the attached Exhibits clearly show that the funds being used to post Mr. Hepburn's bond were lawfully obtained and have been maintained in Mr. Artsen's checking account for a substantial period of time. Mr. Artsen is making this payment to Monroe County Bail Bonds as a gift to Mr. Hepburn, and Mr. Hepburn will not be required to repay any part of the $28,000 that is being used to pay Monroe County Bail Bonds to post Mr. Hepburn's bond.

6. Since Mr. Hepburn has shown that he will be paying his bonds with lawfully obtained funds, and since Monroe County Bail Bonds is waiting only on this Court's release of the Nebbia hold to post the bonds, Mr. Hepburn should be permitted to post his bonds and obtain his release from custody as soon as is possible.

Wherefore, Mr. Hepburn respectfully requests that this Honorable Court grant this Petition and enter an Order releasing the "Nebbia hold" and allowing Mr. Hepburn to post his bonds and obtain his release from custody.

Respectfully submitted,

Adalberto Vigil
Monroe County Bail Bonds

Certificate of Service

I hereby certify that a copy of the foregoing has been furnished to Philip Harte, Esq., Office of the State Attorney, via email to _____ on this, the 23rd day of August, 2024.

Adalberto Vigil
Monroe County Bail Bonds

*[handwritten]* Bail bond submit a petition to release a Nebbia hold

# *Exhibit B*

IN THE CIRCUIT OF THE SIXTEETH JUDICIAL CIRCUIT

IN AND FOR MONROE COUNTY, FLORIDA

State Of Florida

v.

Defendant

HEPBURN, B. LIUS

CASE NO. PENDING

Honorable Judge Morgan

STATES STIPULATED ORDER GRANTING BOND NEBBIA APPROVAL

The Surety Provided the required documents and the STATE ATTORNEY, after review, the State hereby agrees and approves, the that NEBBIA documents provided by the Surety in the above defendant bond amount totaling $50,000.00 . The state has agrees that he has received sufficient evidence and documentation from Monroe County Bail Bonds to release the Nebbia hold on the defendant .

The Surety, namely MONROE COUNTY BAIL BONDS is hereby permitted to post the following bonds, and the Monroe County Sheriff's Office is hereby ordered to accept the and release the defendant from custody .

1)  Poss of cocaine with intent to deliver , bond amount $100,000.00

2)  Drug equipment possess manufacture , bond amount $100,000.00

3)  Poss Of Drug Paraphelia, bond amount $5,000.00

PHILIP HARTE, ASA

*/s/ R. Philip Harte*

/s/ Adalberto Vigil , Surety

Monroe County Bail Bonds,

10 High Point Road, Suite A

Tavernier, Florida 33070

Tel: (305) 852-2903

Fax  (305) 766-1234

adalbertovigil @ gmail.com

CC : Monroe County Bail Bonds
Monroe County Sheriff Office, Key West Jail

*Exhibit 2*

IN THE CIRCUIT COURT OF THE
SIXTEENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR MONROE COUNTY MIDDLE KEYS CRIMINAL DIVISION

State of Florida,                                    CASE No.: 24-CF-000957-AM
        *Plaintiff*,

vs.

Julius Handsome Hepburn,
        *Defendant*.

and

Dionne Artsen,
        *Proposed Intervenor*.
_____/

## ADDENDUM TO SUGGESTION FOR A RULE TO SHOW CAUSE

Prospective Intervenor files this addendum to the previously filed Motion for Suggestion to Show Cause, and would show unto this Honorable Court the following:

## PURPOSE OF THIS ADDENDUM

1. The purpose of this addendum is to demonstrate: (i) when the "bogus stipulation order" was rejected by the Monroe County Jail as it had nothing official upon it, "The Group", in order to give their document the color of legitimacy, sent the bogus order via the State Attorney's email to add legitimacy to the illegitimate; and (ii) to demonstrate that Attorney Elena Vigil-Farinas, Esq., was part of "The Group" as a preparer of the bogus petition and stipulation (*see*, Motion to Intervene, Exhibits A and B) that led to the bogus order, *supra*.

2. A true and correct copy Attorney Elena Vigil-Farinas' email requesting review and advisement regarding the bogus petition and stipulation is attached hereto as "Exhibit C".

3. Said documents were created for and signed by the fictitious name of "Monroe County Bail Bonds", by the non-lawyer named **"ADALBERTO VIGIL"**.  *See*, Motion to Intervene, Exhibits A and B.

4. Notwithstanding, the experienced bail bondsman wrote that he was ready to release the Defendant, when the *Nebbia* hold was released.  *See*, Motion to Intervene, Exhibit A.  This of course was a fantasy and a scam on the inveigled proposed intervenor as no new released bond could be issued, yet the bondsman did facilitate and caused the release.   In doing so, he earned an additional fee.

5. In order for the bogus stipulation to appear official, "The Group" used the State Attorney's email to show the Jail that it was "official".

6. The bogus stipulation includes the signature of A.S.A. K. Philip Harte, Esq., who elevated himself to "Judge" by his signature and approved the *Nebbia*, and Adalberto Virgil as the surety.  *See*, Motion to Intervene, Exhibit A

7. It is academic that a "Court Order" must be signed by the Judge to be valid and this order was not.

8. Upon receipt of said documents directly from the State Attorney Office, the Jail accepted the same and allowed the bond to be posted, releasing the Defendant.

9. In exchange for the foregoing to occur, "The Group" required an innocent and unknowing bamboozled Dionne Artsen, to pay $20,500.00 for the bond, that was not worth the paper it was printed upon, to post the inappropriate "bond".

10. That this Honorable Court had no knowledge or information relative to all of the foregoing, which was done behind the Court's back. The bogus petition and stipulation order have not found their way into the Court record. This alone would void this entire event and would ensure the secrecy of this operation, and hide this bogus and shameful transaction to this Honorable Court.  It was willfully delivered to the Sheriff, who was likewise deceived.

11. This information of this wrongdoing was obtained by a FOIA request under Florida Statute §119 to the Monroe County Jail, see attached "Composite Exhibit D" attached hereto.

12. Composite Exhibit D consists of demonstrating the following:

    a.  The FOIA request under Florida Statute §119 to Monroe County Detention Center on behalf of the Prospective Intervenor.

    b.  Response from Monroe County Detention Center providing the State Attorney's transmittal of the "Order".

    c.  The transmittal, from the State Attorney's Office to the Detention Center, of the document that follows.

    d.  The bogus "States Stipulated Order" approving the Nebbia bond signed by Assistant State Attorney K. Philip Harte and Adalberto Vigil as surety.

## CURRENT CONCLUSION

That "The Group" and possibly others developed a continuing criminal enterprise:

    I.  To collect a bond premium that they were not entitled to receive.

    II.  Prepared a bogus Motion in defiance of law and absent proper facts and the authority.

    III.  Masquerading their unlawful activities to improperly create a court ruling that does not exist.

    IV.  Willfully hid what was transpiring from the Court.

    V.  Did all of the acts behind the back of the Court.

    VI.  Willfully hid what was transpiring from the State Attorney.

    VII.  Did all the acts behind the back of the State Attorney.

    VIII.  Unlawfully received the bond fees from your Proposed Intervenor.

    IX.  Use the Monroe County Jail's equipment to allow the Jail to receive the fraudulent "Release Forms".

WHEREFORE, it is respectfully submitted that "The Group", now including Attorney Elena Vigil-Farinas, Esq., conspired to make those events a continuing criminal enterprise by a scheme and device which constitutes a continuing criminal enterprise.  This gives a solid basis for an examination if this matter should become a "R.I.C.O."

Respectfully submitted,

**LAW OFFICES OF STEPHEN M. ZUKOFF**
*Counsel for Dionne Artsen*
19 West Flagler Street Suite 211
Miami, Florida 33130
Phone: (305)374-4331
smz@zukofflaw.com | eservice@zukofflaw.com
By: */s/ Stephen M. Zukoff*
**Stephen M. Zukoff, Esq.**
Florida Bar No. 177061


[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]

*BELOW THIS POINT PAGE HAS BEEN LEFT BLANK INTENTIONALLY*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by email through the Florida Courts e-Filing e-Portal to all parties in the instant action and via USPS First Class Mail to the parties in the below chart, in compliance with Florida Judicial Rule of Administrative Procedure 2.516 on this 23 day of December 2024.

| Cc: | Service Method: | Address: |
|---|---|---|
| Bondsman:<br>Adalberto Vigil at<br>Monroe County Bail Bonds, Inc. | USPS First Class Mail | 539 Sound Drive<br>Key Largo, FL 33037 |
| Bondsman's Lawyer:<br>Elena Vigil-Farina, Esq. | USPS First Class Mail | 92200 Overseas Highway,<br>Suite 102, Tavernier, FL 33070 |
| Bondsman's 2nd Lawyer:<br>David Hutchison, Esq. | USPS First Class Mail | 103200 Overseas Hwy #7,<br>Key Largo, FL 33037 |
| Monroe County State Attorney's Office:<br>K. Philip Harte, Esq. | USPS First Class Mail | 2975 Overseas Highway<br>Marathon, FL 33050 |
| United States Fire Insurance Company | USPS First Class Mail | 57 Main Street<br>Greenville, PA 16125 |
| Judicial Investigations:<br>Agent | Electronic Mail | |
| Intervenor:<br>Dionne Artsen | Electronic Mail | |

By: */s/ Stephen M. Zukoff*
**Stephen M. Zukoff, Esq.**
Florida Bar No. 177061

*Exhibit C*

From: Elena 4.1 elavilafarinas@gmail.com
Subject: Email
Date: Oct 30, 2024 at 4:52:44 PM
To: Zukerlaw (t)t765c5iiroliiioo.com)

**12:21**

 

 **Elena Vigil-Farinas**   12:12 PM
To: K. & 2 more... >

# Hepburn/Nebia

## We are representing Monroe County Bail Bonds on this issue.

## Could you please review it and advise as to whether or not you will stipulate to this Motion?  Thanks and have a great day.

--
Elena Vigil-Farinas, Esq.
Elena Vigil-Farinas PA.
101425 Overseas Highway Suite #282
Key Largo, Florida  33037
305-453-4961

PERSONAL AND CONFIDENTIAL:  The information contained in this message isa privileged and confidential
attorney communication intended only for the use of the individual named above.  If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited.  If you have received this communication in error,
please immediately notify us by telephone and return the original message to us at the above address via t
he U.S. Postal Service.

   

# *Exhibit D*

**Zukoff Law**

| | |
|---|---|
| **From:** | Tiffany O'Connell (Monroe County Sheriff Office, FL) |
| | <MonroeCountySheriffFL@request.justfoia.com> |
| **Sent:** | Thursday, November 14, 2024 4:04 PM |
| **To:** | Zukoff Law |
| **Subject:** | Records Request |
| **Attachments:** | Stip.Hepburn (1).pdf; Hepburn- Nebbia approval.pdf |

Good afternoon,

Attached is the email we received from the State Attorneys Office and stipulated order granting bond nebbia approval.

Thank you,

Tiffany O'Connell

Records Manager

305-293-7409

toconnell@keysso.net



| | |
|---|---|
| **From:** | Elba Young |
| **To:** | Jail Records |
| **Subject:** | Hepburn- Nebbia approval |
| **Date:** | Friday, August 23, 2024 4:38:57 PM |
| **Attachments:** | Stip.Hepburn (1).pdf |

Some people who received this message don't often get email from eyoung@keyssao.org. Learn why this is important

See attached.

*Regards,*



**Elba Young**

Legal Assistant

**Office of Dennis Ward - State Attorney**
*2975 Overseas Highway*
*Marathon, FL 33050*
**| p.** 305.289.2593 **| e.** eyoung@keyssao.org

Please be advised that Florida has a broad public records law, and all correspondence to me via email may be subject to disclosure. Under Florida Law e-mail addresses are public record. If you do not want your e-mail address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

# IN THE CIRCUIT OF THE SIXTEETH JUDICIAL CIRCUIT
# IN AND FOR MONROE COUNTY, FLORIDA

State Of Florida                                        CASE NO. PENDING

v.

Defendant                                         Honorable Judge Morgan

HEPBURN, JULIUS

_____/

### STATES STIPULATED ORDER GRANTING BOND NEBBIA APPROVAL

The Surety Provided the required documents and the STATE ATTORNEY, after review , the State hereby agrees and approves the that NEBBIA documents provided by the Surety in the above defendants bond amount totaling  $20500.00 , The state has agrees that he has received sufficient evidence and documentation from Monroe County Bail Bonds to release the Nebbia hold on the defendant .

The Surety , namely MONROE COUNTY BAIL BONDS is hereby permitted to post the following bonds, and the Monroe County Sheriff's Office is hereby ordered to accept the and release the defendant from custody.

1) Poss of cocaine with intent to deliver , bond amount $100,000.00

2) Drug equipment possess manufacture , bond amount $100,000.00

3) Poss Of Drug Parahelia, bond amount $5000.00

PHILIP HARTE, ASA

*ASA K. Philip Harte*

/s/ Adalberto Vigil , Surety

Monroe County Bail Bonds.
**10 High Point Road, Suite A**
Tavernier, Florida 33070
Tel:  (305) 451-2593
Fax:  (305) 766-1234
AdalbertoVigil@gmail.com

CC : Monroe County Bail Bonds
Monroe County Sheriff Office, Key West Jail

*Exhibit 3*

IN THE 16 JUDICIAL CIRCUIT IN
AND FOR MONROE COUNTY, FLORIDA

COURT DIVISION

CASE NO. 24CF180Am
181
182
186 Bm
24CF957Am

### COURT MINUTES

COURT OPENED at _____11_____ on _12/31/24_   24CF957Am

with the following officers present:

HONORABLE: Morgan

STATE ATTORNEY: Harte

DEFENSE ATTORNEY: Pro-se

COURT REPORTER: FTR

BAILIFF: Martin

STATE OF FLORIDA vs Julius Hepburn

CHARGED WITH _____

MOTION Emerg. Mot for the court.

Def. not present, cases removed from
docket.

Ct. Grants request to Strike all motions filed
by atty. Zukoff. in regards to this matter.

CLERK OF THE CIRCUIT AND COUNTY COURTS.

BY: _____ DEPUTY CLERK, in attendance.

CCC-14