# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 4:25-cv-10020-KMM

DIONNE ARTSEN,

        *Plaintiff*,

vs.

K. PHILIP HARTE, ESQ.,
ADALBERTO VIGIL,
ELENA VIGIL-FARINAS, ESQ.,
MONROE COUNTY BAIL BONDS, and
UNITED STATES FIRE INSURANCE
  COMPANY, and Other Unknown Persons

        *Defendant*s
_____/

## <u>AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW, Plaintiff, Dionne Artsen, by and through undersigned counsel, and hereby sues Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds, United States Fire Insurance Company, and other persons currently unknown, who participated in this unconstitutional, despicable and corrupt enterprise to scam and wrongfully deprive Plaintiff, Dionne Artsen, of his funds, cripple and deny Plaintiff, Dionne Artsen's access to the Court, and other such tortious acts and violations, *inter alia*, Plaintiff, Dionne Artsen's Federal Constitutional Civil Rights or, in the alternative, certain persons or entities were so negligent to create a path for the miscreants herein described to continue their fraudulent scheme, and alleges as follows:

1.      Plaintiff, Dionne Artsen, is an adult individual residing in Georgia and is *sui juris*.

## THE CABAL

2.      In a planned scheme to deprive Plaintiff, Dionne Artsen, of his just privileges and entitlements under the law, as will be set forth below, the named Defendants combined, conspired and confederated with certain others, as a "Cabal."[1]

3.      The "Cabal" in this instance is the organization consisting of the Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and perhaps others unknown, who created this illegal enterprise, as set forth herein.  Defendant, United States Fire Insurance Company, through its own negligence, became a member thereof and participated in the Cabal.

4.      Defendant, K. Philip Harte, Esq., is currently an attorney licensed to practice law in the State of Florida, employed as an Assistant State Attorney in the Monroe County State Attorney's Office, and has extensive knowledge of bond requirements.  He has, with others, created and/or joined a "Cabal" to further their criminal activity.  Defendant, K. Philip Harte, Esq., combined, conspired and confederated with certain other Defendants to commit a massive fraud on Plaintiff, Dionne Artsen, in that the acts complained of herein are outside the scope of his official duties, he does not enjoy immunity for his criminal acts.  As such, Defendant, K. Philip Harte, Esq., is jointly and severally liable to Plaintiff, Dionne Artsen, and is a member of the "Cabal."

5.      Defendant, Adalberto Vigil, is a resident of the State of Florida and a licensed Bail Bondsman, who, upon information and belief, combined, conspired and confederated with certain other Defendants to commit a massive fraud on Plaintiff, Dionne Artsen, as will be set

---

[1] Cabal is defined as the contrived schemes of a group of persons secretly united in a plot.

forth herein below, and is jointly and severally liable to Plaintiff, Dionne Artsen, and is a member of the "Cabal."

6.      Defendant, Elena Vigil-Farinas, Esq., is currently an attorney licensed to practice law in the State of Florida and, upon information and belief, prepared certain fraudulent documents which violated Plaintiff, Dionne Artsen's civil rights and combined, conspired, and confederated with certain other Defendants to commit a massive fraud on Plaintiff, as will be set forth herein below, and is jointly and severally liable to Plaintiff, Dionne Artsen, and is a member of the "Cabal."

7.      At all times material hereto, Defendant, Monroe County Bail Bonds, a fictitious name used by Defendant, Aldaberto Vigil, to conduct the issuing of bail bonds in the State of Florida, combined, conspired and confederated with certain other Defendants to commit a massive fraud on Plaintiff, Dionne Artsen, as will be set forth herein below, and is jointly and severally liable to Plaintiff and is a member of the "Cabal."  Moreover, the Control Person and Address of Defendant, Monroe County Bail Bonds is as follows: Adalberto J. Vigil, 103301 Overseas Highway, Key Largo, FL  33037.

8.      Defendant, United States Fire Insurance Company, is a Foreign Profit Corporation with its principal place of business located at 305 Madison Avenue, Morristown, New Jersey 07960, registered in the State of Florida, with the following Registered Agent Name and Address: Insurance Commissioner, 200 East Gaines Street, Tallahassee, FL  32399.  Moreover, Defendant, United States Fire Insurance Company failed to supervise Defendants, Adalberto Vigil and Monroe County Bail Bonds and/or did negligently supervise Defendants, Adalberto Vigil and Monroe County Bail Bonds, or just ignored the situation, and thereby contributed to and caused Plaintiff Dionne Artsen's damages, and is jointly and severally liable to Plaintiff,

Dionne Artsen.  Furthermore, Defendant, United States Fire Insurance Company, is, by its malfeasance, misfeasance, non-feasance and/or negligence, a member of the "Cabal."

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

10.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq. and Monroe County Bail Bonds, are citizens of the State of Florida, Defendant, United States Fire Insurance Company is a citizen of New Jersey, and Plaintiff, Dionne Artsen, is a citizen of the State of Georgia.

11.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1367.

12.     The Southern District of Florida is the proper venue because the actions of Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq. and Monroe County Bail Bonds, occurred in the Southern District of Florida.

13.     The Cabal was created to, and effectively did, scam:

    a.  Plaintiff, Dionne Artsen;

    b.  The Circuit Court of the of the Sixteenth Judicial Circuit of Florida in and for Monroe County Middle Keys.

    c.  The Monroe State Attorney's Office, which is a branch of the Government and, at all times material, was the employer of Defendant K. Philip Harte, Esq.;

    d.  The Monroe County Jail; and

    e.  Others whom are currently unknown.

## FACTS

14.     This instant action stems from the criminal matters captioned, *State of Florida vs. Julius Handsome Hepburn,* Case No.: 24-CF-000180-AM (the "First Criminal Matter") and *State of Florida vs. Julius Handsome Hepburn and Dionne Artsen*, Case No.: 24-CF-000957-AM

4

(the "Second Criminal Matter").  Hereinafter, the First Criminal Matter and Second Criminal Matter shall collectively be referred to as the "Criminal Matters".

15.     In the First Criminal Matter, Julius Hepburn was arrested on February 17, 2024, and required to have a bond posted.

16.     Plaintiff in the instant matter, Dionne Artsen, is a long-time friend of Hepburn's and put up his own house as collateral.

17.     Mr. Hepburn was released in the First Criminal Matter, but was subsequently arrested on August 21, 2024, in the Second Criminal Matter on unrelated charged.

18.     Mr. Artsen, Plaintiff in the instant matter, was again requested by Defendant Adalberto Vigil, *et al.*, to post a new bond for the Second Criminal Matter, which he did on August 23, 2024, in the amount of $20,500.00.  However, Mr. Hepburn's freedom was short-lived as he was re-arrested on September 4, 2024, and was not bondable due to the First Criminal Matter.

19.     Defendants in the instant matter, Adalberto Vigil, Elena Vigil-Farinas, Esq., and K. Philip Harte, Esq., Monroe County Bail Bonds and United States Fire Insurance Company (hereinafter, collectively referred to as, the "Cabal"), played the following roles in the Second Criminal Matter, which constituted an organized, continuing criminal enterprise, thereby, *inter alia*, formulating Federal Rico Violations:

    a.  Adalberto Vigil – the Bondsman and listed Surety.

    b.  Elena Vigil-Farinas, Esq. – the Bondsman's attorney and sister who drafted the fraudulent documents, knowing full well that the same was false.

    c.  K. Philip Harte, Esq. – the Assistant State Attorney who signed the fraudulent documents to facilitate payment of the bond.

    d.    Monroe County Bail Bonds – the fictitious name used by Adalberto Vigil.

    e.    United States Fire Insurance Company – the underwriter for the surety bonds issued by Adalberto Vigil.

    f.    Other persons or entities unknown at this time who participated in this atrocity.

20.    In a well-organized criminal scheme and enterprise to wrongfully and criminally deprive Plaintiff, Dionne Artsen, of his civil rights and to wrongfully obtain his funds, the Cabal, in a very organized, criminal manner, advised Mr. Artsen that it was appropriate and legally permissible to issue a second bond, despite the fact that Mr. Hepburn's first bond release was revoked.[2]  However, prior to posting the second bond, certain members of the well-organized Cabal requested Mr. Dionne Artsen to have the funds "cleared" through a "Nebbia Hearing" to ascertain that the funds were acceptable under Florida law.

21.    A fraudulent document was created, titled "*[Mr. Hepburn's] Petition to Release Nebbia Hold.*"  A true and correct copy of said document is attached hereto as Exhibit 1.

22.    Mr. Hepburn did not have counsel and was totally left out of this atrocity to allow the Cabal to act as is set forth herein.

23.    Defendant, K. Philip Harte, Esq. claimed he had received sufficient evidence to release the Nebbia hold.  However, his words rang shallow, as that was not the issue therein.

24.    In said Petition, Defendants, Adalberto Vigil, Elena Vigil-Farinas, Esq., and K. Philip Harte, Esq., did not have any right or authority to prepare and create the Petition.  Nor did Defendants, Adalberto Vigil, Elena Vigil-Farinas, Esq., and K. Philip Harte, Esq., have the authority to create and/or sign and process the fraudulent Petition.

---

[2] **Florida Statutes § 903.0471 Violation of condition of pretrial release.** Notwithstanding § 907.041, a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release.

25.     Defendant K. Philip Harte, Esq. signed off on the release, effectively replacing himself as the "Judge" on the *State's Stipulated Order Granting Bond Nebbia Approval"* (hereinafter, the "Stipulated Order").  A true and correct copy of the Stipulated Order is attached hereto as Exhibit 2.

26.     Defendant, K. Philip Harte, Esq. had no answer as to why a Nebbia clearance was needed, as no bond could be issued.  The next part of the conversation was likewise most unproductive, as to why Defendant, K. Philip Harte, Esq., participated in the release of Mr. Hepburn in the Second Criminal Matter.  Defendant, K. Philip Harte, Esq. signed off on the fraudulent documents to allow for the same.

27.     This fraudulent court document was created by Cabal member Defendant, Elena Vigil-Farinas, Esq., and signed by Cabal members, Defendants, K. Philip Harte, Esq. and Monroe County Bail Bonds, the fictious name controlled by Defendant, Adalberto Vigil.  *See,* Exhibit 2.

28.     Notwithstanding Exhibit 1, *infra*, the experienced Bail Bondsman, Defendant, Adalberto Vigil, wrote that he was ready to release Mr. Hepburn when the Nebbia hold was released.  Despite him knowing that no new bond could be issued, the experienced bondsman, Defendant, Adalberto Vigil, did help cause the release of Mr. Hepburn.

29.     In furtherance of this "enterprise," the Cabal created a fraudulent document, *see,* Exhibit 2*,* which:

        a.  The Bondsman, Defendant, Adalberto Vigil, and the Assistant State Attorney, Defendant, K. Philip Harte, Esq., were part of this continuing illegal enterprise.

        b.  Approved the Nebbia release.

    c. Ordered the Sheriff to accept the bond, the premium of which was paid by the Plaintiff in the instant matter, Dionne Artsen.

    d. Ordered the Sheriff to release Mr. Hepburn from custody.

30. Upon examination of Exhibits 1 and 2, it is noted that said documents are:

    a. Not filed in Court.

    b. Has no Court Case number.

    c. Does not have the Judge's signature or, for that matter, the Court's knowledge or approval.

    d. But nonetheless it was "adequate" to order the Sheriff to "wrongfully" release Mr. Hepburn.

31. Said document was signed by Defendants, K. Philip Harte, Esq. who elevated himself to Judge, and identified Defendant Adalberto Virgil as the surety, for and with Defendant, Monroe County Bail Bonds.  *See*, Exhibits 1 and 2.

32. It is academic that a "Court Order" must be signed by the Judge to be valid.

33. In exchange for the foregoing to occur, the Cabal required an innocent and unknowing Plaintiff, Dionne Artsen, to pay $20,500.00 in premium for the second bond.

34. Additionally, Defendant, Elena Vigil-Farinas, Esq., was a part of the Cabal as a preparer of the fraudulent documents, *see*, Exhibits 1 and 2, that led to the bogus "Court Order." A copy of the email from Defendant, Elena Vigil-Farinas, Esq., to Defendant, K. Philip Harte, Esq. and other Cabal Members, regarding her creation on the documents and Defendant, K. Philip Harte, Esq's approval of same, is attached hereto as Exhibit 3.

35. Defendant, Adalberto Vigil, the experienced Bail Bondsman, had written that he was ready to release Mr. Hepburn, when the Nebbia hold was released.  *See*, Exhibit 1.  This of

course was a fantasy and a scam on the inveigled, bamboozled Plaintiff, Dionne Artsen, and the Justice System, as no new bond could be issued in the Second Criminal Matter, yet the bondsman did facilitate and cause the release.  In doing so, he earned an additional fee.  It is currently unknown which each member of the Cabal has received from this criminal scheme.

36.     It is further currently unknown how many times certain members of the Cabal repeated this scam on other victims.

37.     The fraudulent Stipulated Order includes the signature of Defendant, K. Philip Harte, Esq., who elevated himself to "Judge" by his signature and approved the Nebbia, with Defendant, Adalberto Virgil as the named surety.  *See*, Exhibit 2.

38.     However, the Cabal reached a dilemma in its scheme to defraud Plaintiff, Dionne Artsen, when the Jail refused to accept the document to release Mr. Hepburn, as the document was not official.  This information of this wrongdoing was obtained by a public records request under Florida Statute §119 to the Monroe County Jail, see attached "Composite Exhibit 4" attached hereto.  Composite Exhibit 4 consists of documents demonstrating the following:

    a.   The public records request under Florida Statute §119 to Monroe County Detention Center on behalf of Mr. Dionne Artsen.

    b.   Response from Monroe County Detention Center providing the State Attorney's transmittal of the "Order" and

    c.   The transmittal from the State Attorney's Office to the Jail.

39.     In order for the fraudulent Stipulated Order, *see*, Exhibit 2, to appear official without it being official, certain members of the Cabal and others used the State Attorney's email to portray to the Jail that it was "official" when it is clearly bogus.  *See*, Exhibit 4c.

40.     Upon receipt of said fraudulent documents via email, directly from the State Attorney's Office, the Jail accepted the same and allowed the bond to be posted in the Second Criminal Matter, releasing Mr. Hepburn.

41.     In exchange for the foregoing to occur, the Cabal required an innocent and unknowingly inveigled and bamboozled Plaintiff, Dionne Artsen, to pay $20,500.00 in premium for the bond, which was a criminal activity, not worth the paper it was printed upon, to "legitimately" post the inappropriate bond in the Second Criminal Matter.

42.     The court had no knowledge or information relative to all of the foregoing, which was done behind the court's back.

43.     This alone would void this entire event and would ensure the secrecy of this operation, and hide this bogus and shameful transaction to this Honorable Court.  The bogus authority to release Mr. Hepburn was willfully, knowingly, and intentionally delivered to the Sheriff, who was likewise deceived.

44.     Realizing that they needed to do something, the Cabal conspired again and committed the actions below.

## **FURTHER FRAUDULENT CRIMINAL VIOLATIONS**

45.     In order to mask its actions, the Cabal created a bogus hearing on the bond issue, which did not occur, but resulted in someone from the Clerk's Office removing all of Dionne Artsen's filings in the Second Criminal Matter.

46.     At the bogus "hearing" which did not occur, a bogus document titled, "Court Minutes" was created, which removed every pleading from the Clerk's records filed on behalf of Dionne Artsen, the proposed intervenor in the Second Criminal Matter.  A true and correct copy of the Court Minutes is attached hereto as Exhibit 5.

47.     For the bogus "hearing," there was:

    a.   No Judge;

    b.   No Notice of Hearing;

    c.   No open court Hearings;

    d.   No Parties in attendance;

    e.   No official Court Order;

    f.   No Parties in attendance; and

    g.   Most importantly, there is no official record of this entire transaction.

48.     The bogus Court Minutes was an attempt of the Cabal to cover up its scheme, as the Court Minutes successfully removed all of the pleadings filed on behalf of Dionne Artsen, as the proposed intervenor in the Second Criminal Matter, from the Clerk's records.

49.     Accordingly, with the removal of aforementioned documents, it is as if the Cabal's illegality never occurred, as per the ongoing actions of the Defendants to criminally conspire to remove evidence of their wrongdoing, except Plaintiff, Dionne Artsen's payment for the bogus bond in the Second Criminal Matter

50.     Without all of the mutually agreed, continuous conduct of the Cabal, this whole episode would not have taken place.

51.     On or about February 4, 2025, upon hearing of this unprecedented atrocity, counsel for Plaintiff in the instant matter, Dionne Artsen, filed a Notice of Refiling Documents in the Second Criminal Matter and sent courtesy copies of the improperly and unlawfully removed documents to the Court.  A copy of Plaintiff's Notice of Refiling is attached hereto as Exhibit 6.

52.     To Plaintiff, Dionne Artsen's knowledge, no response from anyone has been filed nor any further events have taken place to date.

53.     After Mr. Hepburn was re-arrested and the bond in the First Criminal Matter was revoked, the bond in the Second Criminal Matter was invalid and thereby void as the new charges were not bondable, Plaintiff, Dionne Artsen, contacted Defendants, Adalberto Vigil and Monroe County Bail Bonds, and demanded the return of Plaintiff, Dionne Artsen's $20,500.00.

54.     Defendants, Adalberto Vigil and Monroe County Bail Bonds, have failed to return Plaintiff, Dionne Artsen's $20,500.00.

55.     More than 30 days before filing this action for damages under Florida Statutes § 772.11, through counsel, Plaintiff, Dionne Artsen made a written demand for the treble damages amount of $61,500.00, plus attorneys' fees and costs, to, among others, Defendants, Adalberto Vigil and Monroe County Bail Bonds.

56.     More than 30 days after Plaintiff, Dionne Artsen, made a written demand for treble damages, Defendants, Adalberto Vigil and Monroe County Bail Bonds have not made payment.

57.     All pre-suit requirements have been either satisfied Plaintiff, Dionne Artsen, or waived by Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company.

**COUNT I**

**CIVIL RICO CLAIMS AGAINST DEFENDANTS, K. PHILIP HARTE, ESQ., ADALBERTO VIGIL, ELENA VIGIL-FARINAS, ESQ., MONROE COUNTY BAIL BONDS AND UNITED STATES FIRE INSURANCE COMPANY**

58.     Plaintiff, Dionne Artsen, re-alleges and incorporates by reference Paragraphs 1 through 57 above as if fully set forth herein.

59.     Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company were an enterprise.

60.     Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company, have committed a pattern of at least two distinct but related RICO predicate acts under 18 U.S.C. § 1962.  Those distinct but related RICO predicate acts include, but are not limited to, wire fraud in violation of 18 U.S.C. § 1343, and obstruction of justice in violation of 18 U.S.C. § 1503.

61.     Defendants, K. Philip Harte, Esq.'s, Adalberto Vigil's, Elena Vigil-Farinas, Esq.'s, Monroe County Bail Bonds' and United States Fire Insurance Company's racketeering activity proximately caused injury to Plaintiff, Dionne Artsen.

62.     Plaintiff, Dionne Artsen, suffered injury to property, *to wit*, $20,500.00.

63.     Pursuant to 18 U.S.C. § 1964(c), Plaintiff, Dionne Artsen, has a right to recover threefold the damages he sustained, attorney's fees and costs.

WHEREFORE, Plaintiff, Dionne Artsen, respectfully requests this Court to enter judgment in his favor and against Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company, awarding Plaintiff, Dionne Artsen, the threefold the damages he sustained, the cost of the suit, including attorneys' fees and costs pursuant to 18 U.S.C. § 1964(c), and all other relief this Court deems is just and proper.

## COUNT II

### CIVIL THEFT CLAIM AGAINST DEFENDANTS, ADALBERTO VIGIL AND MONROE COUNTY BAIL BONDS

64.     Plaintiff, Dionne Artsen, re-alleges and incorporates by reference Paragraphs 1 through 57 above as if fully set forth herein.

65.     Defendants, Adalberto Vigil and Monroe County Bail Bonds, knowingly obtained and/or used Plaintiff, Dionne Artsen's, $20,500.00 under knowingly fraudulent circumstances.

66.     Defendants, Adalberto Vigil and Monroe County Bail Bonds, knowingly obtained and/or used Plaintiff, Dionne Artsen's $20,500.00 with felonious intent to either temporarily or permanently to deprive Plaintiff, Dionne Artsen of his right to or a benefit from his money or appropriate Plaintiff, Dionne Artsen's $20,500.00 for Defendants, Adalberto Vigil's and Monroe County Bail Bonds' own use or for the use of any other person not entitled to the money, to wit, Defendants, K. Philip Harte, Esq., Elena Vigil-Farinas, Esq. and/or United States Fire Insurance Company.

67.     As a result, Plaintiff, Dionne Artsen, was damaged.

WHEREFORE, Plaintiff, Dionne Artsen, respectfully requests this Court to enter judgment in his favor and against Defendants, Adalberto Vigil and Monroe County Bail Bonds, awarding Plaintiff, Dionne Artsen, the treble damages amount of $61,500.00, attorneys' fees and costs pursuant to Florida Statutes § 772.11, and all other relief this Court deems is just and proper.

## COUNT III

### FRAUD CLAIMS AGAINST DEFENDANTS, K. PHILIP HARTE, ESQ., ADALBERTO VIGIL, ELENA VIGIL-FARINAS, ESQ., MONROE COUNTY BAIL BONDS AND UNITED STATES FIRE INSURANCE COMPANY

68.     Plaintiff, Dionne Artsen, re-alleges and incorporates by reference Paragraphs 1 through 57 above as if fully set forth herein

69.     A false representation of fact was made.

70.     The parties making the representation knew said representation was false at the time it was made.

71.     The representation was made for the purpose of inducing Plaintiff, Dionne Artsen, to act in reliance on said representation.

72.    As a result, Plaintiff, Dionne Artsen, sustained damages.

WHEREFORE, Plaintiff, Dionne Artsen, respectfully requests this Court to enter judgment in his favor and against Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company, awarding Plaintiff, Dionne Artsen, any and all damages recoverable under Florida and Federal Law.

## DEMAND FOR JURY TRIAL

Plaintiff, Dionne Artsen, hereby demands a trial by jury.

WHEREFORE, Plaintiff, Dionne Artsen, respectfully requests this Court to enter judgment in his favor and against Defendants, K. Philip Harte, Esq., Adalberto Vigil, Elena Vigil-Farinas, Esq., Monroe County Bail Bonds and United States Fire Insurance Company, awarding Plaintiff, Dionne Artsen, any and all damages recoverable under Florida and Federal Law.

Dated: February 25, 2025.                           Respectfully submitted,

LAW OFFICE OF STEPHEN M. ZUKOFF          LOCKE LAW, P.A.


BY: _/s/ Stephen M. Zukoff_                          BY: _/s/ Wendell T. Locke_
    STEPHEN M. ZUKOFF, ESQ.                            WENDELL LOCKE, ESQ.
    Florida Bar No. 177061                             Florida Bar No. 119260
    19 West Flagler Street, Suite 211                  8201 Peters Road, Suite 1000
    Miami, Florida 33130                               Plantation, Florida 33324
    Tel.: (305) 374-4331                               Tel.: (954) 382-8858
    Fax: (305) 358-1755                                Fax: (954) 827-0998
    Email: smz@zukofflaw.com                           Email : wendell@lockefirm.com
    staff@zukofflaw.com                                *Co-Counsel for Plaintiff*
    *Counsel for Plaintiff*